UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MANUEL PAZ, on behalf of himself, individually,
and all other persons similarly situated,

                    **COMPLAINT**

              Plaintiff,

          -against-                  *Class and Collective*
                                                     *Action*

ELIO&SONS1 LLC, MORGAN GROUP LLC,
RYAN MORGAN, SCOTT MORGAN, PREMTIM
GJONBALIC and DONIKA ISLAMI,

              Defendants.
------------------------------------------------------------------------X

       Plaintiff, Manuel Paz, on behalf of himself, individually, and all other persons similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, Elio&Sons1 LLC, Morgan Group LLC, Ryan Morgan, Scott Morgan, Premtim Gjonbalic and Donika Islami (collectively as "Defendants"), allege as follows:

## NATURE OF THE CLAIM

       1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"), unpaid minimum wage rates under the FLSA and NYLL, failure to furnish a wage notice upon his hire under NYLL § 195(1), failure to provide accurate wage statements for each pay period under NYLL § 195(3), and any other claim(s) that can be inferred from the facts set forth herein.

       2.     Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims

under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## THE PARTIES

6.      At all times relevant, Plaintiff was a resident of the County of Bronx, State of New York.

7.      At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

8.      At all relevant times, Plaintiff handled and used goods that travelled in interstate commerce or that were otherwise produced for commerce, including but not limited to use of tools, cleaning equipment, cleaning supplies, painting equipment, paint, construction materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools,

equipment and materials, and many other items, many of which undoubtably traveled in interstate commerce and that originated from outside of New York State.

9.      At all times relevant, Defendant Elio&Sons1 LLC is and was a domestic limited liability corporation with multiple business locations and has a principal place of business at 130 West 25th Street, New York, New York 10001.

10.     At all times relevant, Defendant Elio&Sons1 LLC was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, cleaning equipment, cleaning supplies, painting equipment, paint, construction materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

11.     At all times relevant, Defendant Elio&Sons1 LLC was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

12.     At all times relevant, Defendant Morgan Group LLC is and was a foreign limited liability corporation with multiple business locations and has a principal place of business at 1 Sound Shore Drive, Suite 203, Greenwich, CT 06830.

13.     At all times relevant, Defendant Morgan Group LLC was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, cleaning equipment, cleaning supplies, painting equipment,

paint, construction materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

14.    At all times relevant, Defendant Morgan Group LLC was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

15.    At all times relevant, Defendant Ryan Morgan is and/or was a member, owner manager and/or supervisor for Morgan Group LLC, and, upon information and belief, had authority to make payroll decisions for Morgan Group LLC, had authority to make hiring, firing and other personnel decisions for Morgan Group LLC, was active in the day to day management of Morgan Group LLC, including the payment of wages to Plaintiff and their other employees and determining what wages were paid to Plaintiff and their other employees, was responsible for maintaining personnel records for Plaintiff and their other employees for Morgan Group LLC, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

16.    At all times relevant, Defendant Scott Morgan is and/or was a member, owner manager and/or supervisor for Morgan Group LLC, and, upon information and belief, had authority to make payroll decisions for Morgan Group LLC, had authority to make hiring, firing and other personnel decisions for Morgan Group LLC, was active in the day to day management of Morgan Group LLC, including the payment of wages to Plaintiff and their other employees and determining what wages were paid to Plaintiff and their other employees, was responsible for maintaining personnel records for Plaintiff and their other employees for Morgan Group LLC, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

17.    At all times relevant, Defendant Premtim Gjonbalic is and/or was a member, owner, officer, manager and/or supervisor for Elio&Sons1 LLC, and, upon information and belief, had authority to make payroll decisions for Elio&Sons1 LLC, had authority to make hiring, firing and

other personnel decisions for Elio&Sons1 LLC, was active in the day to day management of Elio&Sons1 LLC, including the payment of wages to Plaintiff and their other employees and determining what wages were paid to Plaintiff and their other employees, was responsible for maintaining personnel records for Plaintiff and their other employees for Elio&Sons1 LLC, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

18.     At all times relevant, Defendant Donika Islami is and/or was a member, owner manager and/or supervisor for Elio&Sons1 LLC, and, upon information and belief, had authority to make payroll decisions for Elio&Sons1 LLC, had authority to make hiring, firing and other personnel decisions for Elio&Sons1 LLC, was active in the day to day management of Elio&Sons1 LLC, including the payment of wages to Plaintiff and their other employees and determining what wages were paid to Plaintiff and their other employees, was responsible for maintaining personnel records for Plaintiff and their other employees for Elio&Sons1 LLC, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

19.     Defendants operate and manage numerous residential and other properties in and around New York City, among other locations.

20.     Defendants Morgan Group LLC, Ryan Morgan and Scott Morgan (collectively as "Morgan Group") employed Plaintiff as a non-exempt superintendent and laborer beginning in or about January 2011 until in or about July 2023.

21.     Defendants Elio&Sons1 LLC, Premtim Gjonbalic and Donika Islami (collectively as "E&S") employed Plaintiff as a non-exempt superintendent and laborer beginning in or about July 2023 until on or about February 21, 2025.

22.    Throughout the statutory period, Plaintiff performed identical or similar job duties for both Defendants.

23.    Throughout the statutory period, Plaintiff performed his job duties at the same place of business for both Defendants in the Bronx, New York.

24.    Throughout the statutory period, both Defendants paid Plaintiff and subjected him to the same payroll and employment practices.

25.    Throughout his employment, Plaintiff was responsible for performing various tasks, including but not limited to painting, recycling and garbage removal, sweeping, mopping, cleaning, routine repairs, emergency repairs, snow removal, and other services as needed.

26.    Throughout his employment, Plaintiff performed these services in a building in the Bronx, New York.

27.    Throughout his employment, Plaintiff performed his services in a building with 58 units.

28.    Throughout his employment, Plaintiff regularly worked seven days per workweek.

29.    Throughout his employment, Plaintiff regularly worked on Monday through Friday from approximately 8:00 a.m. until 5:00 p.m., or sometimes even later, during his workweeks. Throughout his employment, these hours constituted Plaintiff's regular scheduled hours of work.

30.    Throughout his employment, Plaintiff typically – but not always – received a one hour meal break on his workdays during Monday through Friday.

31.    Throughout his employment, Plaintiff was required to sweep outside areas near his assigned buildings from 7:00 a.m. until 7:30 a.m., or sometimes even later, seven days per week on Monday through Sunday, prior to his regular scheduled hours of work. Throughout his employment, Plaintiff did not receive any additional compensation for these hours worked.

32.     Throughout his employment, Plaintiff regularly worked three to four additional hours outside his regular scheduled hours of work on Tuesday, Thursday and Sunday, as well as often performing additional hours of work on Saturday, for a total of nine to twelve additional hours of work and often even more hours during each workweek, during the evenings after his regular shift ended and during each weekend, to take care of the buildings' garbage and recycling. Throughout his employment, Plaintiff did not receive any additional compensation for these hours worked.

33.     Throughout his employment, Plaintiff regularly worked an additional four hours on both Saturday and Sunday, for an additional eight hours of work during each weekend, to perform cleaning and other duties in Defendants' building, as needed.   Throughout his employment, Plaintiff did not receive any additional compensation for these hours worked.

34.     Throughout his employment, Defendants required Plaintiff to respond to and remedy any emergencies encountered by Defendants' tenants in his assigned buildings both during his regular workday and during his hours off work, including after 5:00 p.m. until 8:00 a.m. each weekday and on weekends in his assigned building.

35.     Throughout his employment, these emergency services frequently required Plaintiff to return to Defendants' premises when he was not onsite to respond to such emergencies.

36.     Throughout his employment, Defendants required Plaintiff to respond to and remedy such emergencies encountered by its tenants in his assigned buildings during hours outside of his regular scheduled hours and on weekends multiple times per week, often at least three to four times, or even more often, during each workweek.

37.     As a result, Defendants required Plaintiff to work several additional hours each workweek outside his regular scheduled hours of work during evenings and on weekends to perform these emergency services.

38.     Throughout his employment, Plaintiff reported these instances of performing emergency work to Defendants.

39.     From the beginning of his employment until in or about February 2024, Defendants would typically provide Plaintiff with some additional, modest compensation for performing these emergency services outside his regular scheduled hours of work during evenings and on weekends. However, the amounts of these payments varied based on each emergency and were paid in amounts determined solely by Defendants.

40.     From in or about February 2024 until the end of his employment, Defendants E&S did not pay Plaintiff any additional compensation for these hours worked performing emergency services outside his regular scheduled hours of work during evenings and on weekends.

41.     Throughout his employment, Defendants also required Plaintiff perform snow removal as needed, including after his regular shift ended on weekdays and during his weekends. Thus, throughout his employment, Defendants required Plaintiff to perform several additional hours of work, typically amounting to three to four hours of additional work for each incident, during his certain workweeks outside of his regular work hours to perform snow removal. Throughout his employment, Plaintiff did not receive any additional compensation for these hours worked.

42.     Accordingly, Defendants required Plaintiff to work, and Plaintiff did regularly work, well in excess of forty hours during each workweek.

43.     For his work, throughout his employment, Defendant paid Plaintiff a fixed weekly salary, regardless of his number of hours worked each week.

44.     Throughout his employment, despite regularly working in excess of forty hours per workweek, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay or the minimum wage, whichever is greater, for many of his hours worked in excess of forty hours in violation of the FLSA and NYLL.

45.     Throughout his employment, when Plaintiff's weekly pay is converted to his true hourly regular rates of pay by operation of law, Plaintiff's regular rates of pay frequently result in hourly rates of pay below the mandated minimum wage rate in violation of the FLSA.

46.     Throughout his employment, when Plaintiff's weekly pay is converted to his proper regular rates of pay by operation of law, Plaintiff's regular rates of pay frequently result in rates of pay below the mandated minimum wage rates in violation of the NYLL.

47.     On multiple occasions throughout his employment, Plaintiff repeatedly complained to both Defendants' supervisors, as well as Defendant Scott Morgan, about their failure to pay him proper wages for his additional hours spent working outside his regular scheduled hours of work, *i.e.* for work performed after 5:00 p.m. until 8:00 a.m. each weekday and during weekends.

48.     Despite this, Plaintiff's complaints were rejected and Defendants refused to pay Plaintiff any overtime compensation or any other form of additional compensation for these hours worked, in violation of the FLSA and NYLL.

49.     Despite this, Defendants were aware of Plaintiff's true hours worked as Plaintiff communicated with Defendants about his hours worked, including his hours worked outside of his regular scheduled hours of work.

50.     Throughout his employment, Defendants did not accurately track or record Plaintiff's actual hours worked or number of hours worked during each workweek or workday.

51.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to track or maintain accurate records of hours worked by Plaintiff and failing to pay him in accordance with his hours worked, failing to pay him overtime compensation despite being aware that he worked more than forty hours during many workweeks, and by failing to pay wages in accordance with the applicable minimum wage rates in order to intentionally deprive Plaintiff of compensation.

52.     Throughout his employment, Defendants failed to provide written notice to Plaintiff upon his hire in his primary language – or at all – of his rates of pay and other information required by NYLL § 195(1).

53.     Throughout his employment, Defendants failed to furnish Plaintiff with accurate statements of his wages earned, including, *inter alia*, his correct regular and overtime rates of pay, correct amount of regular and overtime hours worked, and his correct gross wages, net wages, and deductions, for each pay period as required by NYLL § 195(3).

54.     By failing to meticulously record and detail Plaintiff's actual hours worked for each workweek and failing to detail his correct wages as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether he had been underpaid for his proper straight-time, regular hourly wages or his overtime compensation throughout his employment.

55.     Because Plaintiff worked without the information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages that he was entitled to receive, properly assess the manner in which his wages were calculated, and determine that he had been

underpaid every workweek, which caused Plaintiff to suffer unpaid wages throughout his employment and causing him to suffer underpayments longer than he would have if a compliant wage notice and accurate – or any – wage statements had been provided.

56.     With no way to know how much Plaintiff should have been making, Plaintiff worked throughout his employment without discovering how much he had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

57.     Additionally, Defendants Morgan Group have been involved in multiple prior litigations relating to similar issues as those asserted herein, one of which was filed at least as early as February 17, 2021.  Specifically, these prior matters have asserted several wage and hour claims on behalf of employees of Defendants Morgan Group LLC and Scott Morgan that were similarly situated to Plaintiff, the FLSA Collective Action Plaintiffs and the Class Members, including, *inter alia*, claims for failure to pay lawful overtime compensation under the FLSA and NYLL, failure to pay lawful minimum wage compensation under the NYLL and for violations of NYLL §§ 195(1), (3).  Thus, Defendants Morgan Group's violations of the applicable wage and hour laws were willful, intentional and did not occur as part of a good faith effort to comply with the applicable wage and hour laws.

58.     Additionally, Defendants E&S, through another entity that is, upon information and belief, related or affiliated with Defendants E&S, have been involved in at least one prior litigation relating to similar issues as those asserted herein, which was filed as early as July 30, 2023. Specifically, that prior matter asserted several wage and hour claims on behalf of an employee of that related entity asserting wage and hour claims under the FLSA and NYLL, including, *inter alia*, claims for failure to pay lawful overtime compensation under the FLSA and NYLL, and for

violations of NYLL §§ 195(1), (3).  Thus, Defendants E&S's violations of the applicable wage and hour laws were willful, intentional and did not occur as part of a good faith effort to comply with the applicable wage and hour laws.

59.    Defendants treated and paid Plaintiff, the FLSA Collective Action Plaintiffs and the Class Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

60.    Plaintiff, the FLSA Collective Action Plaintiffs and the Class Members suffered the same or similar harms as a result of Defendants' corporate-wide payroll and employment practices.

## COLLECTIVE ACTION ALLEGATIONS

61.    At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to the Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper minimum wage compensation for their hours worked and overtime compensation for hours worked in excess of forty (40) hours each week.

62.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid and harmed by such underpayments in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

63.    Plaintiff seeks to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently or have been employed by any of the Defendants Elio&Sons1 LLC, Morgan Group LLC, Ryan Morgan, Scott Morgan, Premtim Gjonbalic and/or Donika Islami as a superintendent, porter, cleaner, painter and/or manual laborer and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

64.    The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay and minimum wage compensation in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

65.    Plaintiff brings his Third through Sixth Claims for Relief on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by any of the Defendants Morgan Group LLC, Ryan Morgan, and/or Scott Morgan as a superintendent, porter, cleaner, painter and/or manual laborer and/or in any other similarly-situated position at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

66.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of the Defendants Morgan Group.  The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from the Defendants Morgan Group's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants Morgan Group. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

67.    The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of the Defendants Morgan Group, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants Morgan Group as a superintendent, porter, cleaner, painter and/or manual laborer and/or in any other similarly-situated position at any time during the six (6) years prior to the filing of this Complaint.

68.    The Defendants Morgan Group have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

69.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)    Whether Defendants Morgan Group failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(b)    Whether Defendants Morgan Group failed and/or refused to pay the Plaintiff and Class Members at their applicable minimum wage rates of pay for all hours worked during each workweek;

(c)     Whether Defendants Morgan Group failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(d)     Whether Defendants Morgan Group failed to furnish the Plaintiff and Class Members with accurate wage statements and/or compliant wages notices in their primary language for each pay period;

(e)     Whether Defendant Morgan Group's general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation, and/or any other wages was done willfully and/or with reckless disregard of the state wage and hour laws;

(f)     Whether Defendants Morgan Group took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(g)     Whether Defendants Morgan Group failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and Class Members;

(h)     Whether Defendant Morgan Group's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(i)     What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

70.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All of the Class Members were subject to the same corporate practices of the Defendants Morgan Group and suffered the same or similar harms as a result of those practices.  The Defendant Morgan Group's corporate-wide policies and practices affected all Class Members similarly, and the Defendants Morgan Group benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

71.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

72.     Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

73.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

74.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

75.     The members of the Class have been damaged and are entitled to recovery as a result of the Defendant Morgan Group's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecutions of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about the Defendant Morgan Group's practices.

76.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so

can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

77.     Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

78.     Defendants employed Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, for workweeks longer than forty (40) hours and willfully failed to compensate them for all of their hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage or their regular hourly rate, whichever is greater, in violation of the FLSA.

79.     Defendants' violations of the FLSA have been willful and intentional.

80.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

81.     Due to Defendants' violations of the FLSA, Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – MINIMUM WAGES)**

82.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

83.     Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, yet willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, the applicable minimum wage rate for their hours worked during their workweeks, in violation of the FLSA.

84.     Defendants' violations of the FLSA have been willful and intentional.

85.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

86.     Due to Defendants' violations of the FLSA, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

87.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

88.     Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into

this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the minimum wage or their regular hourly rate, whichever is greater, in violation of NYLL.

89.    By Defendants' failure to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, overtime wages for hours worked in excess of 40 hours per workweek, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

90.    Defendants' violations of the NYLL have been willful and intentional.

91.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW -- FAILURE TO PAY MINIMUM WAGE)

92.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

93.    Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, and willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, the applicable minimum wage rates for hours worked during certain workweeks, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

94.    Defendants' violations of the NYLL have been willful and intentional.

95.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

96.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

97.     Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

98.     Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## SIXTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

99.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

100.    Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, with accurate statements of their wages earned,

including, *inter alia*, their correct regular and overtime rates of pay, correct number of regular and overtime hours worked, or correct gross wages, net pay, or deductions, for each pay period as required by NYLL § 195(3).

101.    Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action pray for the following relief:

i.    An order restraining Defendants from any retaliation against Plaintiff, Class Members, and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under FLSA, and its supporting regulations, and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations;

iii.    Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs, and any others in a similarly-situated position, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, and any others in a similarly-situated position, apprising them of the pendency of this action, permitting them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.      Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v.      Unpaid wages, including unpaid overtime wages and minimum wages, and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi.      Unpaid wages, including but not limited to unpaid overtime wages, minimum wages, and any other form of wages owed, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

vii.      Damages pursuant to NYLL §§ 195(1), 198;

viii.      Damages pursuant to NYLL §§ 195(3), 198;

ix.      Pre- and post-judgment interest as permitted by law;

x.      All attorneys' fees incurred in prosecuting these claims;

xi.      All costs incurred in prosecuting these claims; and

xii.      Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
      April 23, 2025

               ROMERO LAW GROUP PLLC
               *Attorneys for Plaintiff*
               490 Wheeler Road, Suite 277
               Hauppauge, New York 11788
               Tel.: (631) 257-5588

By:   _____
               DAVID D. BARNHORN, ESQ.